Daniel L. Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff,
Arti Lal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

[SAN FRANCISCO DIVISION]

| | |
|---|---|
| ARTI LAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIRSTSERVICE RESIDENTIAL, INC.<br><br>Defendant | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. Discrimination in Violation of Cal. Govt. Code § 12940, et. seq. (Disability)<br>2. Failure to Engage in the Interactive Process in Violation of Cal. Govt. Code § 12940, et. seq.<br>3. Failure to Accommodate in Violation of Cal. Govt. Code § 12940, et. seq.<br>4. Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of Cal. Govt. Code § 12940, et. seq.<br>5. Retaliation in Violation of Cal. Govt. Code § 12940, et. seq.<br>6. Wrongful Termination in Violation of Public Policy<br>7. Violations of San Francisco Sick Leave Ordinances<br>8. Violations of Cal. Labor Code §§ 233 and 234.<br><br>**REQUEST FOR PUNITIVE DAMAGES** |

Plaintiff alleges:

## PARTIES

1. Plaintiff ARTI LAL, (hereinafter "Plaintiff") is an adult female and is a resident of California. At all times relevant herein, Plaintiff was employed by Defendant FIRSTSERVICE

1
**COMPLAINT**

RESIDENTIAL and worked at its office located at 50 California Street #3550, San Francisco, CA 94111.

2. Defendant FIRSTSERVICE RESIDENTIAL, INC., (hereinafter "Defendant" or "FIRSTSERVICE") is a Delaware corporation doing business in California with its headquarter located at 1855 Griffin Road, Suite A-330, Dania Beach, FL 33004.

3. Defendant is the employer of the managers and supervisors herein complained of, and supervising over Plaintiff, and therefore Defendant is liable for the discriminatory and harassing acts conducted by their agents, employees and supervisors, under the theory of Respondeat Superior.

4. At all times herein mentioned, the Employer Defendant qualified as "employers" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they each regularly employed five or more workers.

5. Plaintiff brings this action pursuant to and under the provisions of the Fair Employment and Housing Act, California Government Code §§ 12940, et seq. (hereinafter referred to as FEHA); California Labor Code Sections 1102.5; California Constitution, Article I, § 1; and other common and statutory laws.

**JURISDICTION & VENUE**

6. This Court has original jurisdiction over all causes of action in this complaint pursuant to 28 U.S.C. § 1332 because the Parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

7. Personal jurisdiction is proper in this district because all of the plaintiff's claims arise out of Defendant's purposeful contacts with the plaintiff in this district, and because the exercise of jurisdiction over the defendants is fair and reasonable.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendant in San Francisco County, and a substantial part of the events or omissions giving rise to this case occurred in San Francisco County.

**GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set

forth herein.

10. On February 13, 2017, Plaintiff started to work an Assistant Community Manager/Team Lead for FirstService in its office located at 50 California Street #3550, San Francisco, CA 94111.

11. In or about January 2020, Plaintiff was promoted into the Team Lead position and became a salaried employee. Plaintiff's salary was $60,000 annually. Plaintiff's supervisor was Natalie Valdez-Smith, VP of Community Management throughout her employment with FirstService.

12. On or about February 13, 2020, Plaintiff attended new leader training in Irvine.

13. As a Team Lead, Plaintiff managed a staff of 5 Assistant Community Managers (ACMs), Onsite Assistant Community Managers (including third-party desks), and Onsite Concierge/admin positions in San Francisco ensuring that the roles are assisting with the everyday inquiries and needs of homeowners and vendors, primarily specific to work order, violation, amenity access/reservation and owner service levels.

14. On or about February 17, 2020, Sydney Grant, another employee started with Defendant as Assistant Community Manager.

15. On or about March 16, 2020, everyone began working remotely from home. Sydney expressed how she felt she was being treated by Ms. Valdez-Smith.

16. On or about June 15, 2020, Plaintiff came to the office twice a week due to the first wave of employees being required to return to the office. Plaintiff was not able to come back to the office full time until a babysitter was found. Plaintiff was questioned about her status of returning to the office on a weekly basis by Ms. Valdez-Smith. Sydney spoke to Plaintiff frequently about her interactions with and treatment by Ms. Valdez-Smith.

17. On or about August 17, 2020, Plaintiff returned to work on a modified scheduled due to her babysitter's hours of operations. Plaintiff came into the office M-F between 10:15 am-3:00 pm. Plaintiff spoke to Sydney nearly daily about struggles working with Natalie. Natalie continued to harass Plaintiff about returning to the office full time 8 hours a day.

18. On or about October 1, 2020, Plaintiff notified Ms. Valdez-Smith of Sydney's complaints against her. Plaintiff informed Ms. Valdez-Smith that Sydney felt discriminated against and she felt she was being harassed and bullied. Ms. Valdez-Smith contacted Jennifer Severs, HR after the

meeting and informed her of their discussion. Ms. Severs called Plaintiff later in the day to go over the details. Plaintiff informed Ms. Severs that Sydney felt that she was a victim of racism and that she was being harassed by Ms. Valdez-Smith.

19. On or about October 2, 2020, Plaintiff was out of the office and received a call from Sydney regarding a situation with Ms. Valdez-Smith and the mail. Sydney felt she was being accused of stealing or concealing a check that was received in the mail.

20. On or about October 6, 2020, Sydney came into work and told Plaintiff that she was not feeling well. Plaintiff told her to go home and rest. Plaintiff informed HR that Sydney went home early.

21. On or about October 20, 2020, Sydney submitted her two-week resignation. She stated that the work environment that Ms. Valdez-Smith created was too toxic for her to work in.

22. On or about October 28, 2020, Plaintiff and Sydney were discussing the situation with Ms. Valdez-Smith and Sydney ended up experiencing a panic attack from the stress of the situation. Plaintiff was in a private office with her and called in Cecelia to help console Sydney. Ms. Valdez-Smith heard the noise and contacted Ms. Severs while Plaintiff was in a zoom call with Ms. Severs.  Ms. Valdez-Smith did not know Plaintiff was on the call. Ms. Valdez-Smith requested that Sydney be asked to leave before her last day.

23. On or about October 29, 2020, Plaintiff called the ethics hotline anonymously regarding the issue between Ms. Valdez-Smith and Sydney. This also ended up being Sydney's official last day.

24. On or about December 29, 2020, Cecelia, Assistant Community Manager resigned from her position one the spot in person with Plaintiff's supervisor. Plaintiff was not informed of her resignation until later in the day.

25. On or about January 14, 2021, Plaintiff received final written notice from her supervisor, Ms. Valdez-Smith regarding work performance. The notice stated that Plaintiff would need to be prepared for new hire onboarding and be at the office on their first day. During the meeting, Ms. Valdez-Smith also informed her of the discussion with Cecelia on her last day. Ms. Valdez-Smith informed Plaintiff that Cecelia stated that Plaintiff pressured her to contacting the ethics hotline regarding the situation between Ms. Valdez-Smith and Sydney.

26. On or about February 1, 2021, Plaintiff sent an email to Ms. Valdez-Smith and Ms. Severs, HR regarding her family's symptoms to confirm if she should come into the office. Ms. Valdez-Smith responded and confirmed that Plaintiff should take a sick day. Ms. Severs called Plaintiff later that morning to discuss the symptoms. She confirmed that Plaintiff would need to quarantine at home for 10 days due to her family's symptoms. Plaintiff contacted her doctor and scheduled a COVID test for the same day. Plaintiff was also taken off work between 2.1.21-2.5.21. Plaintiff sent the note to Ms. Severs and questioned if she was still able to work from home.

27. On or about February 2, 2021, Ms. Severs responded to Plaintiff's email and confirmed that she should not work during the time frame due to the doctor's note. Plaintiff covered her time off with accrued sick time. Plaintiff was not given an option take any type of protected leave.

28. On or about February 4, 2021, after realizing that she had a new hire starting on Monday, Plaintiff called Amalia and discussed what to expect on her first day.

29. On or about February 5, 2021, Plaintiff's sick time ran out. Plaintiff was contacted by Ms. Severs to confirm status of symptoms and test results. Ms. Severs asked if Plaintiff would be returning to work next week, and Plaintiff confirmed.

30. On or about February 8, 2021, Plaintiff returned to the office at 8:15 am in preparation of new hire, Amalia. Plaintiff was in the office before anyone else. Amalia arrived and Plaintiff greeted her and set her up at her desk for new hire orientation.

31. On or about February 11, 2021, Plaintiff was terminated during 1 pm meeting with Ms. Valdez-Smith. The reason that Plaintiff was given was that she was not prepared for the new hire Amalia that started on Monday 2.8.21. Plaintiff packed her things, left the company's property on the desk and left the building by 1:20 pm.

32. Within the time provided by law, Plaintiff made a complaint to the California Department of Fair Employment and Housing ("DFEH") against Respondents, and each of them.   Plaintiff has received a right-to-sue letter from the DFEH.

**FIRST CAUSE OF ACTION**
DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF CALIFORNIA
GOVERNMENT CODE §12940, ET SEQ.
[Against DEFENDANT FIRSTSERVICE]

33. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

34. At all times herein mentioned, FIRSTSERVICE qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.  FEHA requires employers, such as FIRSTSERVICE to refrain from discrimination against, and harassment of, an employee on the basis of their actual or perceived medical condition or disabilities, among other classifications.

35. At all times herein mentioned, Plaintiff was an employee of FIRSTSERVICE.

36. Defendant knew or believed that Plaintiff had a perceived disability that limited his ability to work, among other activities.

37. FIRSTSERVICE made decisions based on their knowledge and/or belief of Plaintiff's disability which adversely affected Plaintiff in regards to the terms, conditions and privileges of employment.  Such actions include, but are not limited to: (a) failing to accommodate Plaintiff disability; and (b) Plaintiff's termination.

38. Defendant's conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to:  loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

39. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendant and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

**SECOND CAUSE OF ACTION**
FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.

[Against DEFENDANT FIRSTSERVICE]

40. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

41. At all times herein mentioned, FIRSTSERVICE qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

42. At all times herein mentioned, Plaintiff was an employee of FIRSTSERVICE.

43. As stated supra, FIRSTSERVICE knew that Plaintiff had a perceived disability.

44. Plaintiff requested that FIRSTSERVICE make reasonable accommodations for her disability by, inter alia, allowing her to take medical leave per doctor's notes.

45. FIRSTSERVICE failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation(s) could be made, and that failure was a substantial factor in causing Plaintiff harm. Plaintiff's damages include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

46. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendant and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION
FAILURE TO ACCOMMODATE IN VIOLATION OF CALIFORNIA
GOVERNMENT CODE §12940, ET SEQ.
[Against DEFENDANT FIRSTSERVICE]

47. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set

forth herein.

48. At all times herein mentioned, FIRSTSERVICE qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

49. At all times herein mentioned, Plaintiff was an employee of FIRSTSERVICE.

50. As stated supra, FIRSTSERVICE knew that Plaintiff had medical disabilities that were required to be accommodated by law.

51. Plaintiff requested that FIRSTSERVICE make reasonable accommodations for her condition by, inter alia, allowing her to take medical leave per doctor's notes. FIRSTSERVICE terminated Plaintiff one week after her leave.

52. FIRSTSERVICE failed to participate in a timely discussion with Plaintiff to determine whether reasonable accommodation could be made, and that failure was a substantial factor in causing Plaintiff harm. Plaintiff's damages include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

53. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendant and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FOURTH CAUSE OF ACTION
FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.
[Against DEFENDANT FIRSTSERVICE]

54. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

55. FEHA, California Government Code § 12940(k), and other applicable provisions, make it an

unlawful employment practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring."

56. At all times herein mentioned, FIRSTSERVICE qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

57. At all times herein mentioned, Plaintiff was an employee of FIRSTSERVICE.

58. Plaintiff was subjected to discrimination and retaliation while employed by FIRSTSERVICE because of her reporting discrimination/harassment in the workplace and her medical disabilities. She was also subjected to retaliation because she requested for medical leaves due to her medical conditions.

59. Plaintiff is informed and believes, and thereon alleges, that Defendant failed to act and/or to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

60. Defendant's conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at arbitration.

61. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendant and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FIFTH CAUSE OF ACTION
RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.
[Against DEFENDANT FIRSTSERVICE]

62. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

63. FEHA, California Government Code § 12940(h), and other applicable provisions, make it unlawful for any employer to discriminate or otherwise adversely treat its employees based upon an employee's assertion of their right to work in an environment free from discrimination and retaliation. California Government Code § 12940(m) makes it unlawful for any employer to retaliate against its employees for requesting reasonable accommodations for a medical disability/condition.

64. Plaintiff was subjected to retaliation because she reported discrimination/harassment in the workplace and requested for medical leaves as an accommodation due to her medical condition.

65. Instead of investigating, remedying and/or otherwise addressing the concerns of Plaintiff, Defendant encouraged, ratified, supported, and/or engaged in further discriminatory and retaliatory conduct against Plaintiff after she complained. Such actions include, but are not limited to Plaintiff's termination.

66. Plaintiff is informed and believes, and thereon alleges, that Defendant's conduct, as alleged above, and incorporated herein by reference, was in retaliation for Plaintiff's requests for accommodations. Such actions are unlawful, discriminatory, and retaliatory in violation of California Government Code section 12940(h) (m), and have resulted in damages to Plaintiff as alleged herein.

67. Defendant's conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

68. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages

in an amount sufficient to punish and deter Defendant and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SIXTH CAUSE OF ACTION
WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
[Against DEFENDANT FIRSTSERVICE]

69. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

70. At all times relevant herein, Plaintiff was employed by FIRSTSERVICE, until his termination on or about February 11, 2021.

71. California has a fundamental, substantial, and well-established public policy, as expressed in FEHA, against discrimination, harassment, and retaliation in the workplace. FIRSTSERVICE violated that important public policy by terminating Plaintiff, at least in part, because of Plaintiff's reporting discrimination/harassment in the workplace. Furthermore, FIRSTSERVICE violated that policy by terminating Plaintiff, at least in part, because she requested for reasonable accommodations.

72. On or about February 11, 2021, FIRSTSERVICE terminated its employment relationship with Plaintiff. Plaintiff is informed and believes, and thereon alleges, that Plaintiff was terminated because of and in retaliation for Plaintiff's medical condition, request for medical leave as an accommodation and reporting discrimination/harassment in the workplace.

73. Defendant's conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

74. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages

in an amount sufficient to punish and deter Defendant and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SEVENTH CAUSE OF ACTION

Violations of San Francisco Sick Leave Ordinances

[Against DEFENDANT FIRSTSERVICE]

75. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

76. The San Francisco Sick Leave Ordinance allows employees to use accrued leaves to when the employee is ill or injured or for the purpose of receiving medical care, treatment, or diagnosis. Section 12W.7 of the SF Administrative Code makes it unlawful for an employer to discharge, interfere with or retaliate against an employee for exercising his legal rights. An aggrieved employee may sue under the statute for the full measure of damages, including attorney's fees. See Sec 12W.8.

77. Defendant violated the SF Leave Ordinance by terminating Plaintiff for taking medical leave for her medical condition. Defendant further violated the law by interfering with, restraining, denying the exercise of or attempted exercise of Plaintiff's leave rights. Plaintiff requests an award of compensatory damages.

78. Pursuant to the San Francisco Administrative Code, Sec 12W.8., Plaintiff requests an award of back pay, the payment of any sick leave unlawfully withheld, liquidated damages in the amount of $50.00 for each hour or portion thereof that the violation occurred or continued, the dollar amount of paid sick leave withheld from the employee multiplied by three or $250.00, whichever amount is greater, reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

### EIGHTH CAUSE OF ACTION

VIOLATION OF LABOR CODE §§ 233 & 234
[Against DEFENDANT FIRSTSERVICE]

79. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully

set forth herein.

80.     Pursuant to Labor Code § 233, an employer who provides sick leave for its employees shall permit its employees to use the employee's accrued and available sick leave for diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee and/or an employee's family member. Labor Code § 234 prohibits an employer from taking adverse action against an employee who takes designated sick leave, such as considering the absence for discipline, discharge, demotion, or suspension.

81.     At all times relevant herein, Plaintiff was employed by FIRSTSERVICE, until his termination on or about February 11, 2021.

82.     On or about February 1, 2021, Plaintiff took her accrued sick leave.

83.     Defendant knew, perceived, and/or believed that Plaintiff was engaged in the aforementioned protected activity as stated above. Plaintiff's requests/taking leave was a substantial motivating factor in Defendant's taking of the adverse actions against Plaintiff.

84.     Defendant made decisions adverse to Plaintiff including but not limited to terminating her on February 11, 2021.

85.     Defendant's conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to:  loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

86.     Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendant and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff makes the following demand:

   (a)    That process be issued and served as provided by law, requiring Defendant to appear and answer or face judgment;

   (b)    For general, special, actual, compensatory and/or nominal damages against Defendant in an amount to be determined at trial;

   (c)    For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendant and others from engaging in the conduct described herein;

   (d)    For back and /or front pay and other benefits Plaintiff would have been afforded but-for Defendant's unlawful conduct;

   (e)    For costs and expenses of this litigation;

   (f)    For reasonable attorneys' fees, where applicable;

   (g)    For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

   (h)    For all such other and further relief as the nature of the case may require and the court deems appropriate and just.

Dated: May 20, 2021                                  **Law Offices of Daniel Feder**

                                                                                    _____
                                                                                     **DANIEL FEDER**
                                                                                     Attorney for Plaintiff
                                                                                     ARTI LAL

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: May 20, 2021                                  **Law Offices of Daniel Feder**

                                                                                     _____
                                                                                    **DANIEL FEDER**
                                                                                    Attorney for Plaintiff
                                                                                    ARTI LAL

14
**COMPLAINT**